# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
LORNA LANGHORNE,

Plaintiff,

-against-

LOWE'S HOME CENTERS, LLC

Defendant.
-------------------------------------------------------------------X
To the above-named defendant:

Index No.:
Date Purchased:

Plaintiffs designate
SUFFOLK County as the
place of trial.

# SUMMONS
The basis of venue
is Plaintiffs' residence.

Plaintiff resides at
45 Fanning Street
Riverhead, New York
County of Suffolk

   You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Islandia, New York
    June 4, 2021

DAVIS & FERBER, LLP.
*Attorneys for plaintiff*

_____
By: CARY M. GREENBERG, ESQ.
1345 Motor Parkway
Islandia, New York 11749
(631) 543-2900

Defendant's Address:

**Via Personal Service & NYS Secretary of State**

**LOWE'S HOME CENTERS, LLC**
**c/o Corporation Counsel**
**80 State Street**
**Albany, New York 12207-2543**

Case 2:21-cv-06843-JMA-JMW   Document 1-1   Filed 12/10/21   Page 3 of 20 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------X

LORNA LANGHORNE,                                    Index No.

                            Plaintiff,

                                                    **VERIFIED COMPLAINT**

        - against -


LOWE'S HOME CENTERS, LLC


                            Defendant.

---------------------------------------------------------------------X

Plaintiff, LORNA LANGHORNE, by her attorneys, DAVIS & FERBER, LLP as and for her Verified Complaint allege as follows:

1.      At all times hereinafter mentioned, the plaintiff, LORNA LANGHORNE was and still is a resident of the County of Suffolk, State of New York.

2.      Upon information and belief, defendant, LOWE'S HOME CENTERS, LLC was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, is authorized to conduct business in the State of New York, and is doing business in the State of New York with a place of business located at 1461 Old Country Road, Town of Riverhead, County of Suffolk, State of New York.

3.      Upon information and belief, Defendant, LOWE'S HOME CENTERS, LLC is a foreign corporation, incorporated under and by virtue of the laws of the State of Delaware, and is duly authorized to do business in the State of New York with a place of business located at 1461 Old Country Road, Town of Riverhead, County of Suffolk, State of New York.

4.      Upon information and belief, at all relevant times, the defendant, LOWE'S HOME CENTERS, LLC was the owner of the premises known as the LOWE'S located at the aforementioned location.

5.      Upon information and belief, at all relevant times, the defendant, LOWE'S HOME CENTERS, LLC was the lessee of the premises located at the aforementioned location.

6.      Upon information and belief, at all relevant times, the defendant, LOWE'S HOME CENTERS, LLC was the lessor of the premises located at the aforementioned location.

7.      Upon information and belief, at all relevant times, the defendant, LOWE'S HOME CENTERS, LLC operated the premises located at the aforementioned location.

8.      Upon information and belief, at all relevant times, the defendant, LOWE'S HOME CENTERS, LLC maintained the premises located at the aforementioned location.

9.      Upon information and belief, at all relevant times, the defendant, LOWE'S HOME CENTERS, LLC controlled the premises located at the aforementioned location.

10.     Upon information and belief and at all times hereafter mentioned defendant LOWE'S HOME CENTER, LLC operated a Home Improvement retail store which was open to the general public.

11.     On or about the 9th day of May, 2020, while the plaintiff, LORNA LANGHORNE, was a lawful patron at the Lowe's located at 1461 Old Country Road, Town of Riverhead, County of Suffolk, State of New York, she was caused to trip on randomly placed bricks located on the ground near the entrance of said location.

12. The aforesaid occurrence was caused wholly and solely by the negligence, carelessness and recklessness of the defendant as alleged herein and no negligent act or omission on the part of the plaintiff, LORNA LANGHORNE, contributing thereto.

13. That the defendants, its agents, servants and/or employees caused and/or contributed to the happening of said accident in that it was careless, reckless and negligent in the ownership, operation, management, supervision and control of the aforementioned flooring, in that it failed to provide the plaintiff with a safe and proper place in which to walk; in that it caused, allowed and permitted bricks to be and remain on the ground located at the store entrance, thereby creating a dangerous and defective condition to exist thereat; in that it failed to properly repair and/or correct the dangerous and defective condition; in that the dangerous and defective condition existed for a long and unreasonable length of time under the circumstances then and there existing; in that the said dangerous and defective condition created a trap and a nuisance; in that it failed to make proper and necessary inspections of the said area, which would have disclosed a dangerous and defective condition existing thereat; in that it failed to exercise that degree of care and caution that a reasonable and prudent person would have under the circumstances then and there existing; in that it failed to warn the plaintiff of the dangerous and defective condition existing thereat; in that it failed to post signs, notices and/or warnings of the said dangerous and defective condition existing thereat; and, in that in other ways, it acted in a dangerous, careless, reckless and negligent manner.

14.    By reason of the foregoing, the plaintiff, LORNA LANGHORNE, was rendered sick, sore, lame and disabled and suffered severe, painful and permanent injuries to various parts of her person with accompanying pain and was required to receive hospital and medical treatment for her injuries and was unable to pursue her usual activities.

15.    This action falls within one or more of the exceptions set forth in CPLR 1602, including but not limited to Subsections (2), (3), (4), (6), and (7).

16.    By reason of the foregoing, the Plaintiff, LORNA LANGHORNE, has been damaged in has been damaged in a sum greater than the jurisdiction of any Court lower than the Supreme Court.

**WHEREFORE**, plaintiff, LORNA LANGHORNE, demands judgment against the defendant in the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter; together with the costs and disbursements of this action.

Dated: Islandia, New York
        June 4, 2021

DAVIS & FERBER, LLP.
*Attorneys for plaintiff*

By: CARY M. GREENBERG, ESQ.
1345 Motor Parkway
Islandia, New York 11749
(631) 543-2900

Case 2:21-cv-06843-JMA-JMW   Document 1-1   Filed 12/10/21   Page 7 of 20 PageID #: 11

PLAINTIFF VERIFICATION

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF SUFFOLK          )

      LORNA LANGHORNE, being duly sworn, deposes and says:

      I am the plaintiff in the within action. I have read the foregoing SUMMONS &

VERIFIED COMPLAINT and know the contents thereof; the same is true to my own

knowledge, except as to the matters therein stated to be alleged on information and belief, and as

to those matters I believe it to be true.

                                                    LORNA LANGHORNE

Sworn to before me this
_____ day of _____, 2021.

                                 JULIE OBRIEN
                         Notary Public - State of New York
_____          NO. 01OB6261732
Notary Public                    Qualified in Suffolk County
                        My Commission Expires May 14, 2024

FILED: SUFFOLK COUNTY CLERK 07/12/2021 11:09 AM INDEX NO. 613048/2021

NYSCEF DOC. NO. 1 Case 2:21-cv-06843-JMA-JMW Document 1-1 Filed 12/16/21 Page 8 of 20 PageID #: 12 RECEIVED NYSCEF: 07/12/2021

SUPREME COURT OF THE STATE OF NEW YORK    Index No.:
COUNTY OF SUFFOLK

LORNA LANGHORNE,

Plaintiff,

-against-

LOWE'S HOME CENTERS, LLC,

Defendant.

SUMMONS & VERIFIED COMPLAINT

DAVIS & FERBER, LLP
*Attorneys for plaintiff*
1345 Motor Parkway
Islandia, New York 11749
(631) 543-2900

PLEASE TAKE NOTICE:
[ ]    ATTORNEY'S CERTIFICATION

I, the undersigned, am an attorney admitted to practice in the Courts of New York, and certify that the annexed                    has been compared by me with the original and found to be a true and complete copy of a
[ ]    NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk within named court on


[ ]    NOTICE OF SETTLEMENT

that an order                              , of which the within is a true copy will be presented for
settlement to the HON.                            one of the judges of the within named Court, at
on                     at


Dated,                              Yours, etc.

DAVIS & FERBER, LLP
1345 Motor Parkway
Islandia, New York 11749
(631) 543-2900

SUPREME COURT
OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

Plaintiff,

**LORNA LANGHORNE**                         **INDEX# 613048/2021**

**--- AGAINST ---**                         **AFFIDAVIT OF SERVICE**

**LOWE'S HOME CENTERS, LLC**

Defendant,

STATE OF NEW YORK )
                 )SS.
COUNTY OF ALBANY )

BILLIE JO WILLIAMS being duly sworn, deposes and says:

That  is over the age of eighteen years and is not a party to this action.

That on the 21st day of July, 2021,  served the Summons and Verified Complaint, Notice of Electronic Filing at 2:30 p.m. on LOWE'S HOME CENTERS, LLC, a limited liability company, one of the defendants in this action by personally delivering to and leaving with a person, SUE ZOUKY, a white female with grey hair, light eyes approximately 67 years of age, 5'0 and 128 lbs authorized by the Secretary of State to receive such service, at the office of the Department of State in the City of Albany, New York, duplicate copies thereof together with the sum of $40.00 (forty dollars), the statutory fee.

BILLIE JO WILLIAMS

Sworn before me this
21st day of July, 2021

LAWRENCE A. KIRSCH
   4787475
Notary Public - State of New York
Residing in Albany County
Commission Expires May 31, 2023

Case 2:21-cv-06843-JMA-JMW   Document 1-1   Filed 12/10/21   Page 10 of 20 PageID #: 14

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

LORNA LANGHORNE,

         Plaintiff,     **VERIFIED ANSWER**

v.

                  Index No.: 613048/2021

LOWE'S HOME CENTERS, LLC,

         Defendant.

---

    Defendant, Lowe's Home Centers, LLC ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Verified Complaint, responds as follows:

    1.  Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

    2.  Lowe's denies the allegations contained in paragraph 2 of the Verified Complaint.

    3.  In response to paragraph 3 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies any remaining allegations contained in paragraph 3 of the Verified Complaint.

    4.  In response to paragraph 4 of the Verified Complaint, Lowe's admits that it owned the premises located at 1461 Old County Road, Riverhead, New York 11901, and denies any remaining allegations contained in paragraph 4 of the Verified Complaint.

    5.  Lowe's denies the allegations contained in paragraph 5 of the Verified Complaint.

    6.  Lowe's denies the allegations contained in paragraph 6 of the Verified Complaint.

    7.  Lowe's denies the allegations contained in paragraph 7 of the Verified Complaint.

    8.  Lowe's denies the allegations contained in paragraph 8 of the Verified Complaint.

    9.  Lowe's denies the allegations contained in paragraph 9 of the Verified Complaint.

1

Case 2:21-cv-06843-JMA-JMW   Document 1-1   Filed 12/10/21   Page 11 of 20 PageID #: 15

INDEX NO. 613048/2021
RECEIVED NYSCEF: 09/02/2021

10.     In response to paragraph 10 of the Verified Complaint, Lowe's admits that it operated a home improvement retail store on the premises located at 1461 Old County Road, Riverhead, New York 11901, and denies any remaining allegations contained in paragraph 10 of the Verified Complaint.

11.     Lowe's denies the allegations contained in paragraph 11 of the Verified Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     Lowe's denies the allegations contained in paragraph 13 of the Verified Complaint.

14.     Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

15.     Paragraph 15 of the Verified Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required, Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Lowe's denies each and every other allegation of the Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

18.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct on the part of the plaintiff, and without negligence or fault on the part of Lowe's.

2

31061842.v1

Case 2:21-cv-06843-JMA-JMW Document 1-1 Filed 12/10/21 Page 12 of 20 PageID #: 16

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

19.     If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

20.     The Verified Complaint fails to state a cause of action against Lowe's.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

21.     The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within Lowe's control.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

22.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off of collateral source payments.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

23.     Plaintiff failed to mitigate her alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

24.     The incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

25.     Plaintiff assumed the risk of the incident and any resulting injuries.

3

Case 2:21-cv-06843-JMA-JMW Document 1-1 Filed 12/10/21 Page 13 of 20 PageID #: 17

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

26.     If the plaintiff seeks to recover a verdict or judgment against Lowe's, then any verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

27.     Lowe's did not receive requisite notice of any alleged dangerous, defective, or hazardous conditions set forth in plaintiff's Verified Complaint.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

28.     Plaintiff's conduct was the sole proximate cause of the incident.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

29.     Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

30.     Any risks and dangers at the time, place, and location set forth in the Verified Complaint were open, obvious, and apparent.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

31.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the plaintiff.

4

31061842.v1

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

32.     There may be documentary evidence exists which establishes a complete defense.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

33.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discover all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

a.      Dismissing the Verified Complaint, or

b.      Reducing plaintiffs' recovery in the proportion to which the plaintiff's culpable conduct caused the alleged damages;

c.       Limiting plaintiffs' recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%); and

d.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
        September 2, 2021

GOLDBERG SEGALLA LLP

Kenneth L. Bostick, Jr., Esq.
*Attorneys for Defendant*
*Lowe's Home Centers, LLC*
665 Main Street
Buffalo, New York 14203
(716) 566-5400

5

Case 2:21-cv-06843-JMA-JMW   Document 1-1   Filed 12/10/21   Page 15 of 20 PageID #: 19

TO:   Cary M. Greenberg, Esq.
DAVIS & FERBER, LLP
*Attorneys for Plaintiff*
1345 Motor Parkway
Islandia, New York 11749
(631) 543-2900

31061842.v1

6

FILED: SUFFOLK COUNTY CLERK 09/02/2021 03:16 PM INDEX NO. 613048/2021

NYSCEF DOC. NO. 3    Case 2:21-cv-06843-JMA-JMW   Document 1-1   Filed 12/10/21   Page 16 of 20 PageID #: 20    RECEIVED NYSCEF: 09/02/2021

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE    ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1.    I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC in this matter.

2.    I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3.    The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Suffolk, where this action is venued.



Kenneth L. Bostick, Jr.

Sworn to before me this
2nd day of September, 2021.

Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC. STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 2025

7

31061842.v1

Case 2:21-cv-06843-JMA-JMW   Document 1-1   Filed 12/10/21   Page 17 of 20 PageID #: 21

THE STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

LORNA LANGHORNE,

                            Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

                            Defendant.

**NOTICE OF EXAMINATION
BEFORE TRIAL**

Index No.: 613048/2021

      **PLEASE TAKE NOTICE**, that pursuant to CPLR Article 31, Defendant, Lowe's Home Centers, LLC, will cause to be taken before a notary public, upon oral examination, the testimony of Plaintiff, Lorna Longhorne.

      **PLEASE TAKE FURTHER NOTICE**, that all parties are required, pursuant to CPLR 3111, to produce all relevant books, papers and other things in the possession, custody, or control of such party to be marked as exhibits, and used on the examination.

Dated: Buffalo, New York
       September 2, 2021

                                  GOLDBERG SEGALLA LLP

                                  Kenneth L. Bostick, Jr., Esq.
                                *Attorneys for Defendant*
                                665 Main Street
                                Buffalo, New York 14203-1425
                                (716) 566-5400
                                kbostick@goldbergsegalla.com

TO:    Cary M. Greenberg, Esq.
       DAVIS & FERBER, LLP
       *Attorneys for Plaintiff*
       1345 Motor Parkway
       Islandia, New York 11749
       (631) 543-2900

31061934.v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
LORNA LANGHORNE,

Plaintiff(s),

Index No.: 613048/2021

**REQUEST FOR
PRELIMINARY
CONFERENCE**

-against-

LOWE'S HOME CENTERS, LLC,

Defendants.
------------------------------------------------------------------------X

The undersigned requests a preliminary conference.

The nature of this action is personal injury.

The names and addresses and telephone numbers of all attorneys appearing in the action are as follows:

DAVIS & FERBER, LLP
Attorneys for Plaintiff
1345 Motor Parkway
Islandia, NY 11749
631-543-2900

Goldberg Segalla LLP
Kenneth L. Bostick
665 Main Street
Buffalo, NY 14203
716-566-5400

Dated: Islandia, New York
November 17, 2021

Yours, etc.

DAVIS & FERBER, LLP.

By: CARY M. GREENBERG
Attorneys for Plaintiff(s)
1345 Motor Parkway
Islandia, New York 11749
(631) 543-2900

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

SUPREME ☒ COURT, COUNTY OF SUFFOLK ▽

Index No: 613048/2021        Date Index Issued: 11/17/2021

| For Court Use Only: |
| --- |
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

LORNA LANGHORNE

Plaintiff(s)/Petitioner(s)

-against-

LOWE'S HOME CENTERS, LLC

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING** Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____
*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY** Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):  ○ Residential  ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution   [see NOTE in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ◉ Other Negligence (specify): TRIP
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING** Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
| --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: 07/13/2021 |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: 07/21/2021 |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION** Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- ○ Notice of Motion   Relief Requested: _____   Return Date: _____
- ○ Notice of Petition   Relief Requested: _____   Return Date: _____
- ○ Order to Show Cause   Relief Requested: _____   Return Date: _____
- ○ Other Ex Parte Application   Relief Requested: _____   Return Date: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

Case 2:21-cv-06843-JMA-JMW Document 1-1 Filed 12/10/21 Page 20 of 20 PageID #: 24

## RELATED CASES
List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## PARTIES
For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties — List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants — For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined — For each defendant, indicate if issue has been joined. | Insurance Carriers — For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Lorna Langhorne  Role(s): Plaintiff | Davis & Ferber, LLP, Cary M. Greenberg, Esq, 1345 Motor Parkway, Islandia, New York 11749 631-543-2900 cgreenberg@davisferber.com | ⦿ YES ◯ NO | |
| ☐ | Name: Lowe's Home Centers, LLC  Role(s): Defendant | Goldberg Segalla LLP, 665 Main Street, Buffalo, NY 14203 716-566-5400 | ⦿ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |
| ☐ | Name:  Role(s): | | ◯ YES ◯ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____11/17/2021_____

_____
Signature

_____1960855_____
Attorney Registration Number

_____Cary M. Greenberg, Esq._____
Print Name